United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BAY AREA CELLULAR TELEPHONE COMPANY,

Plaintiff,

v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

Defendants.

______________________________________/

No. C-03-04866 PJH (EDL)

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF REBUTTAL EXPERT MEHRAN NAZARI**

Plaintiff, a telecommunications carrier licensed to provide wireless services in San Francisco, alleges that Defendants violated, *inter alia*, federal regulations regarding placement of wireless facilities when the San Francisco Board of Supervisors denied an application for a conditional use permit to construct a wireless telecommunications facility in the Richmond district. On January 21, 2005, Defendants designated Jonathan Kramer as their expert witness and produced an "Analysis of Existing Wireless AT&T Wireless GSM Radio Frequency Coverage and Network Availability in a Portion of the City and County of San Francisco, California." Defendants deposed Plaintiff's rebuttal expert, Marcelo Pontin, on April 19, 2005. On May 10, 2005, Defendants produced a supplemental expert report containing the results of Mr. Kramer's revised tests, including a drive test analysis that monitored calls over thirty minutes long. In response, on May 25, 2005, Plaintiff designated a new rebuttal expert, Mehran Nazari, and produced his report entitled "Drive Test Methodology & Evaluation of AWS's Coverage of the Inner Richmond Area of San Francisco."

United States District Court
For the Northern District of California

On June 7, 2005, Defendants filed a motion to strike Plaintiff's designation of Mr. Nazari on three grounds: (1) that the February 11, 2005 deadline for disclosing expert witnesses had passed; (2) that the introduction of a new expert would harm Defendants by requiring them to quickly schedule and prepare for another deposition; and (3) that Mr. Nazari's report focused on Mr. Kramer's original study, not the supplemental analysis. Plaintiff filed an opposition on June 21, 2005, arguing that the designation of Mr. Nazari as a rebuttal expert was harmless to Defendants and necessary because of Defendants' supplemental analysis, which allegedly contained new testing procedures. Defendants submitted a reply on July 1, 2005. Because the parties stipulated to have this matter decided on the papers and because this motion was appropriate for decision without oral argument, the Court vacated the July 12, 2005 hearing.

Defendants contend that Mr. Kramer's supplemental report submitted after the expert disclosure and rebuttal dates was proper. Parties have an obligation to supplement disclosures made during the discovery process with any new and relevant information in three circumstances: (1) if ordered to do so by the court, (2) if the information disclosed previously is inaccurate or incomplete or (3) if the answers to discovery requests were inaccurate or complete. Fed. R. Civ. P. 26(e).

The Court doubts that the second report constituted proper supplementation as opposed to an untimely attempt to bolster the expert's opinion. The supplemental report includes the results of new drive and call length tests. Defendants made no showing that the new tests could not have been performed at the time of Mr. Kramer's initial report, or that the initial report was somehow incomplete without the results of these new tests. Rather, it appears that Mr. Kramer undertook additional testing in response to information obtained through the deposition of Plaintiff's expert, Mr. Pontin. Thus, it may well be that Mr. Kramer's supplemental analysis was untimely. See Akeva L.L.C. v, Mizuno Corp., 212 F.R.D. 306 (M.D. N.C. 2002) (declining to accept a definition of supplementation that would allow for virtually unlimited bolstering of expert opinions, and stating that: "Rule 26(3) envisions supplementation when a party's discovery disclosures happen to be defective in some way so that the disclosure was incorrect or incomplete and, therefore, misleading . . . . It does not cover failures of omission because the expert did an inadequate or incomplete preparation."); Schweizer v. DEKALB Swine Breeders Inc., 954 F.Supp. 1495 (D. Kan.

United States District Court
For the Northern District of California

1997) (precluding the admission of a supplemental report on the grounds that it represented a "significant alteration" from the original report and that the supplemented opinions were not based upon newly acquired information); but see Wechsler v. Macke Int'l Trade, Inc., 221 F.R.D. 619 (C.D. Cal. 2004) (denying defendant's motion in limine to exclude Plaintiff's supplemental expert report containing detailed calculations of a reasonable royalty on the grounds that a discussion of royalties, though not addressed extensively in the original report, could have been anticipated by defendant and that defendant would suffer little prejudice because the expert would be made available for deposition). Plaintiff, however, did not challenge the submission of the supplemental report. Rather, it chose to waive any challenge to Defendants' report as untimely and instead to seize the opportunity to introduce a new report from a new rebuttal expert. Therefore, Plaintiff's alternative suggestion to strike Defendants' supplemental report comes too late. At the same time, Defendants' position that it can supplement belatedly but Plaintiff cannot respond seeks an unfair advantage. Insofar as Mr. Nazari's report is genuine rebuttal addressing the new material in the supplemental report, it is proper. And Defendant may explore his rebuttal opinion in deposition during the weeks that remain before the close of discovery.

Mr. Nazari's report, however, is based in significant part on tests and analysis that he conducted *before* Mr. Kramer's supplemental report, dated May 10, 2005, was provided to Plaintiff. See Plaintiff's Supplemental Rebuttal Designation of Expert Witness Exh. 1 at Exh. B. To the extent that Mr. Nazari's rebuttal concerns tests and data collected before the supplemental report or challenges Mr. Kramer's initial report, it is not appropriate. Moreover, he challenges the original report well beyond what is necessary to rebut the supplemental report. Therefore, the portions of Mr. Nazari's report that relate to Exhibit B and/or the original report (except as truly necessary to compare the methodology of the tests in the supplemental report to that of the original report) are stricken. Specifically, in paragraph two on page two, the words "either in his initial report or" are stricken. In addition on that page, paragraphs three and six, including exhibit B, are stricken. On page four, paragraphs 13(a), (b), (c) are stricken. On page five, paragraphs 13(d), (e), (f), (I), and the conclusion are stricken. The scope of Mr. Nazari's opinion is limited in the same manner.

Accordingly, Defendants' Motion to Strike Plaintiff's Supplemental Designation of Expert Witness Mehran Nazari is granted in part.

**IT IS SO ORDERED.**

Dated: July 13, 2005

ELIZABETH D. LAPORTE
United States Magistrate Judge