UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAY AREA CELLULAR TELEPHONE COMPANY

    Plaintiff,

    v.

THE CITY & COUNTY OF SAN FRANCISCO, CALIFORNIA, et al.,

    Defendants.
_____/

No. C 03-4866 PJH

**ORDER ON MOTION FOR ADMINISTRATIVE RELIEF AND SETTING CASE MANAGEMENT CONFERENCE**

    Before the court is plaintiff's motion for administrative relief, and defendant's opposition thereto, in which plaintiff requests (1) a CMC conference so that the court can set a pretrial conference schedule and trial date on the remaining claims that were not resolved on summary judgment; (2) that the court permit the parties to conduct additional discovery to resolve the remaining claims in the case; and (3) that the court review and reconsider Magistrate Judge LaPorte's July 13, 2005 order excluding portions of plaintiff's outside expert's rebuttal opinion.

    The court hereby GRANTS the motion with respect to setting a CMC conference date in order to determine pretrial and trial dates; and DENIES the motion with respect to plaintiff's requests for additional limited discovery and reconsideration of Judge LaPorte's ruling, as follows.

    With respect to plaintiff's request for additional discovery, nothing in the court's prior summary judgment order opened the door to new issues or arguments, and by extension, to any sufficient grounds upon which to reopen discovery. The court merely held that as to the issues placed in evidence by the parties, the evidence before the court was such that disputed issues exist that must be resolved at trial. Moreover, plaintiff fails to factually demonstrate that any issue introduced to the court on summary judgment was "new" to it,

1  or that it has in any way been surprised or prejudiced by any purportedly "new" arguments.
2  Indeed, it would appear that plaintiff's request is rooted in a desire to seek additional
3  support for its claims by conducting a more thorough job on discovery the second time
4  around.  Such an attempt constitutes no more than the proverbial second bite at the apple.

5  With respect to its request for reconsideration of Judge LaPorte's prior ruling, plaintiff
6  was required to file objections to the ruling within ten days of the ruling if it wished to
7  contest it, per the requirements of Federal Rule of Civil Procedure 72(a).  Plaintiff's failure
8  to do so constitutes waiver of its objections.  Moreover, even if plaintiff had timely filed
9  objections, plaintiff's failure to present any evidence of "new" facts or a change in law
10 nonetheless warrants denial of its reconsideration request, per Civil Local Rule 7-9.

11 Accordingly, IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16(b) and
12 Civil L. R. 16-10, a Case Management Conference will be held in this case on March 2,
13 2006, at 2:30 p.m., in Courtroom 3, 17th Floor, Federal Building, 450 Golden Gate Avenue,
14 San Francisco, California.

15 Counsel shall meet and confer as required by Fed. R. Civ. P. 26(f) prior to the Case
16 Management Conference with respect to those subjects set forth in Fed. R. Civ. P. 16(c).
17 **Not less than seven (7) calendar days** before the conference, counsel shall file a joint
18 case management statement addressing each agenda item, to the extent relevant.

20 **IT IS SO ORDERED**.

22 Dated:  February 8, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge